IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>CHRISTOPHER THOMAS GILL,<br><br>　　　　　Defendant. | **MEMORANDUM DECISION**<br>**AND ORDER**<br><br>Case No. 2:15-cr-519<br><br>Judge Clark Waddoups |

Defendant Christopher Thomas Gill has filed a motion *pro se* to modify his Presentence Report so his prison security level may be lowered. A lower security level will allow him access to rehabilitation programs and the opportunity to learn employment skills. The court recognizes the importance of these services to facilitate successful re-entry into society. The court concludes, however, that it lacks jurisdiction to rule on the merits and therefore dismisses Mr. Gill's motion (ECF No. 78).

## FACTUAL BACKGROUND

On September 27, 2016, Mr. Gill pled guilty to possessing 130 grams of methamphetamine. Statement in Advance of Plea, ¶ 11 (ECF No. 63). Although Mr. Gill pled guilty to one count of Possession of Methamphetamine with Intent to Distribute, it was a negotiated plea whereby the government agreed not to pursue other charges of possession with intent to distribute

methamphetamine and heroin.  *See* Superseding Indictment (ECF No. 49) (stating three other counts).  In his plea agreement, Mr. Gill acknowledged the following:

> I understand and agree that the Presentence Report may include descriptions of conduct I engaged in which either was not charged against me, will not be pleaded to by me, or both.  I understand and agree that the Court will take these facts into consideration in determining the reasonableness of the stipulated sentence.

Statement in Advance of Plea, ¶12(d) (ECF No. 63).

Consistent with that acknowledgement, the Presentence Report reported, in part, the following:

> On July 22, 2015, the U.S. Department of Justice Drug Enforcement Agency Western Laboratory in Pleasanton, California, found the drug quantity for methamphetamine to be **130.1 grams of actual methamphetamine**. On December 28, 2015, the same laboratory found there to be **0.97 grams of heroin**. And on December 28, 2015, the second quantity of methamphetamine was found to **be 88.8 grams of actual methamphetamine**.

Presentence Rpt., at 5 (ECF No. 68) (emphasis in original).  Mr. Gill did not file any objections to the Presentence Report.  On December 12, 2016, the court sentenced Mr. Gill and took into consideration both the plea agreement and facts stated in the Presentence Report.

## ANALYSIS

"A federal court generally 'may not modify a term of imprisonment once it has been imposed.'"  *Dillon v. United States*, 560 U.S. 817, 819 (2010) (quoting 18 U.S.C. § 3582(c)).  The Tenth Circuit has noted the need to be "mindful of Congress's directive that sentence modifications are to be the exception, not the rule."  *United States v. White*, 765 F.3d 1240, 1244 (10th Cir. 2014) (citation omitted).  Because a sentence is based in part on a presentence report, the same limitation applies to modifying a presentence report after judgment.

2

A presentence report helps "provide for focused, adversarial development of the factual and legal issues relevant to determining the appropriate Guidelines sentence." *United States v. Warner*, 23 F.3d 287, 289 (10th Cir. 1994) (quotations, citation, and alteration omitted). "Once the district court has heard objections to the report and has imposed sentence, the district court's jurisdiction over the defendant becomes very limited." *Id.* at 290 (citations omitted). Any requested change to a presentence report "must be based on statutes or rules which give the district court jurisdiction to consider the challenge." *Id.* (citation omitted). Rule 32 of the Federal Rules of Criminal Procedure addresses modifications to a report. Although the rule allows for a report to be modified, the Tenth Circuit has held such modifications must occur prior to sentencing or be addressed at the time of sentencing. *Id.* Rule 32 affords the court no jurisdiction to address a post-sentence request for modification. *Id.* (citations omitted).

In this case, Mr. Gill had an opportunity to file an objection to the Presentence Report prior to sentencing. No objections were filed, and Mr. Gill does not contend the report is inaccurate. Instead, he requests that a fact be deleted so he can have greater access to rehabilitative programs and education. Although the court believes such services would be beneficial to Mr. Gill, the court has no authority to modify Mr. Gill's Presentence Report to accomplish such an objective.

The court also has reviewed all factors listed under 18 U.S. § 3582(b) to determine if any other ground affords the court authority to modify the Mr. Gill's Presentence Report. The court concludes no factor affords the court jurisdiction. The court therefore dismisses Mr. Gill's motion for lack of jurisdiction (ECF No. 78).

DATED this 7th day of July, 2020.

BY THE COURT:

Clark Waddoups
United States District Court